EXHIBIT "A"

SUMM

1

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

2

3 DAVID ALVARADO GOMEZ, an
individual; LUIS CARMONA ESCOBAR,
4 an individual; LEONEL ALFARO
ZAYAS, an individual,
5

CASE NO.:    A-19-789134-C
DEPT.NO.:

Department 8

6       Plaintiffs,

7

**SUMMONS**

vs.
8

9 JAROSLAV NOVOTNY, an individual;
KLC GLOBAL SERVICES LTD, a
10 Foreign Corporation; DOES I through X,
inclusive; and ROE CORPORATIONS I
11 through X, inclusive,

12

      Defendants.

13 _____

14 **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR
BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

15

16 **TO:**    JAROSLAV NOVOTNY

A civil Complaint has been filed by the Plaintiffs against you for the relief set forth in the Complaint.
17       1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of
the day of service, you must do the following:
18            a.     File with the Clerk of this Court, whose address is shown below, a formal written response to
the Complaint in accordance with the rules of the court.
19            b.     Serve a copy of your response upon the attorney whose name and address is shown below.
      2.     Unless you respond, your default will be entered upon application of the Plaintiff and this Court may
20 enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
property or other relief requested in the Complaint.
21       3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
response may be filed on time.

22                       STEVEN D. GRIERSON
                      CLERK OF THE COURT

23                       *Yvonne Hernandez*         2/12/2019

24            By: _____
               Deputy Clerk            Date
25 Issued at direction of:       Regional Justice Center
                      200 South Lewis Avenue    Ivonne Hernandez
26                       Las Vegas, Nevada 89155

27 CLAY R. REESE, ESQ.
2272 South Nellis Blvd., Suite 1
28 Las Vegas, NV 89104
(702) 727-4747

# EXHIBIT "B"

Electronically Filed
2/11/2019 10:11 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
CLAY R. TREESE, ESQ.
Nevada Bar No.: 9923
THE LAW OFFICE OF CLAY R. TREESE
2272 South Nellis Blvd., Suite 1
Las Vegas, Nevada 89104
Telephone (702) 727-4747
Facsimile (702) 727-4744
clay@claytreese.com
Attorney for Plaintiffs

# DISTRICT COURT

# CLARK COUNTY, NEVADA

DAVID ALVARADO GOMEZ, an
individual; LUIS CARMONA ESCOBAR,
an individual; LEONEL ALFARO ZAYAS,
an individual,

       Plaintiffs,

vs.

JAROSLAV NOVOTNY, an individual;
KLC GLOBAL SERVICES LTD, a Foreign
Corporation; DOES I through X, inclusive;
and ROE CORPORATIONS I through X,
inclusive,

       Defendants.

Case No.:   A-19-789134-C
Dept. No.:

      Department 8

## COMPLAINT

## EXEMPTION FROM ARBITRATION REQUESTED

**(Amount in Controversy
Exceeds $50,000.00)**

COMES NOW, Plaintiffs DAVID ALVARADO GOMEZ, LUIS CARMONA ESCOBAR,

and LEONEL ALFARO ZAYAS, by and through counsel of record, Clay R. Treese, Esq., of The

Law Office of Clay R. Treese and hereby complain, avers and alleges as follows:

     1.     Plaintiff DAVID ALVARADO GOMEZ, at all times relevant to the allegations

contained in this Complaint, was a resident of Clark County, Nevada and resided therein at all material

times.

1

2.      Plaintiff LUIS CARMONA ESCOBAR, at all times relevant to the allegations contained in this Complaint, was a resident of Clark County, Nevada and resided therein at all material times.

3.      Plaintiff LEONEL ALFARO ZAYAS, at all times relevant to the allegations contained in this Complaint, was a resident of Clark County, Nevada and resided therein at all material times.

4.      Upon information and belief, Defendant JAROSLAV NOVOTNY at all times relevant to the allegations contained in this Complaint, was a resident of Lake County, Illinois and resided therein at all material times.

5.      That at all times relevant to the allegations contained in this Complaint, Defendant JAROSLAV NOVOTNY was an employee and/or agent of Defendant KLC GLOBAL SERVICES LTD, and was acting within the scope of his employment at the time of the subject incident.

6.      Upon information and belief, Defendant KLC GLOBAL SERVICES LTD, a Foreign Corporation, at all times relevant to the allegations contained in this Complaint, is and was licensed to and conducting business in Lake County, Illinois.

7.      The Defendants, and each of them, are vicariously liable for the damages caused by Defendant JAROSLAV NOVOTNY actions and negligence, since he was, at all relevant times, their employee.

8.      That the true names and capacities of the Defendants DOES I through X, inclusive and, ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by fictitious names. Defendants designated as DOES I through X and/or ROE CORPORATIONS I through X are any of the following: owners, operators, or individuals otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Defendants designated as DOES I through X and ROE

CORPORATIONS I through X may also be companies, business entities, agents, employers, employees, assigns, management personnel and/or individuals and/or entities otherwise controlling and/or under the supervision and control of Defendants other ROE or DOE Corporations, and each of them, who, while within the scope and course of their agency or assignment with said Defendants, are, in whole or in part, negligently, vicariously, statutorily, contractually, and/or otherwise liable for the injuries and damages herein alleged. Defendants designated as DOES I through X and ROE CORPORATIONS I through X, and each of them, may also be individuals or business entities whom currently own, and/or are successors and/or predecessors interest to Defendants, and each of them, who, by nature of their relationship with said Defendants maintained, and/or still maintain, an interest in the aforesaid vehicle and who, by nature of said interest, are, in whole or in part, negligently, vicariously, statutorily, contractually, and/or otherwise liable for the injuries and damages herein alleged. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE or ROE CORPORATION are in some manner negligently, vicariously, and/or statutorily responsible for the events and happening referred to and caused damages proximately to Plaintiffs as herein alleged. Plaintiffs will seek leave of the Court to amend the Complaint to insert the true names of such Defendants when the same have been ascertained.

9.     On or about November 3, 2017, Plaintiffs were traveling northbound on Procyon Street, near the intersection of Oquendo Road in Las Vegas, Nevada and came to a stop behind Defendant. Defendant JAROSLAV NOVOTNY was driving a 2016 Freightliner, tractor trailer semi, whose registered owner is Defendant KLC GLOBAL SERVICES LTD, was in front of Plaintiff's vehicle northbound on Procyon Street and was stopped for the posted stop sign at the intersection of Oquendo Road. Defendant began backing up in a southbound direction and collided with Plaintiffs' vehicle. Plaintiffs' driver began honking the horn to try to get the attention of the

3

Freightliner, tractor trailer semi driver but, was unsuccessful. Defendant continued backing up in a southbound direction pushing Plaintiffs' vehicle backwards 68 feet. There were tire markings in the roadway from Plaintiffs' vehicle being pushed backwards. Plaintiffs' vehicle was stuck to the rear bar of the trailer. The resulting incident caused Plaintiffs to suffer serious physical, emotional and financial injury, as more fully set forth herein. Defendant JAROSLAV NOVOTNY recklessly, negligently and carelessly failed to yield to Plaintiffs causing the collision with Plaintiffs' vehicle.

10.     That at all times relevant herein, Defendant, JAROSLAV NOVOTNY, was an employee and/or agent of Defendant KLC GLOBAL SERVICES LTD and was acting within the scope of his employment.

11.     That pursuant to N.R.S 41.130, Defendant is vicariously liable for the damages caused by their employee's actions and negligence, further encompassing the actions of those hired by Defendant. N.R.S 41.130 states in pertinent part as follows:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

12.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs DAVID ALVARADO GOMEZ, LUIS CARMONA ESCOBAR, and LEONEL ALFARO ZAYAS, sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiffs' damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

13.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs DAVID ALVARADO GOMEZ, LUIS CARMONA ESCOBAR, and LEONEL ALFARO ZAYAS, received medical and other treatment for the aforementioned injuries, and that said services, care and treatment caused Plaintiffs damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

14.     As a direct result of the Defendants' negligence, Plaintiffs have been forced to seek the services of an attorney and Plaintiffs are therefore entitled to recover attorney's fees and costs for the commencing of this action.

## FIRST CAUSE OF ACTION

### (Negligence)

15.     Plaintiffs repeat and reallege each and every statement set forth above as though fully set forth herein.

16.     On or about November 3, 2017, Plaintiffs were traveling northbound on Procyon Street, near the intersection of Oquendo Road in Las Vegas, Nevada and came to a stop behind Defendant.  Defendant JAROSLAV NOVOTNY was driving a 2016 Freightliner, tractor trailer semi, whose registered owner is Defendant KLC GLOBAL SERVICES LTD, was in front of Plaintiff's vehicle northbound on Procyon Street and was stopped for the posted stop sign at the intersection of Oquendo Road. Defendant began backing up in a southbound direction and collided with Plaintiffs' vehicle. Plaintiffs' driver began honking the horn to try to get the attention of the Freightliner, tractor trailer semi driver but, was unsuccessful. Defendant continued backing up in a southbound direction pushing Plaintiffs' vehicle backwards 68 feet. Defendant JAROSLAV NOVOTNY carelessly and negligently failed to use due care and collided with Plaintiffs' vehicle. The resulting incident caused Plaintiffs to suffer serious physical, emotional and financial injury, as

more fully set forth herein. Defendant JAROSLAV NOVOTNY recklessly, negligently and carelessly failed to yield to Plaintiffs causing the collision with Plaintiff's vehicle.

17.     Pursuant to NRS 484 Rules of the Road which require drivers to obey the rules of the road. Defendant JAROSLAV NOVOTNY failed to drive in a reasonably safe manner and owed a duty of care to Plaintiffs to operate a vehicle in a reasonable and safe manner.

18.     Defendant JAROSLAV NOVOTNY breached that duty of care by causing the 2016 Freightliner, tractor trailer semi to collide with Plaintiffs vehicle.

19.     As a direct result of the collision caused by Defendant JAROSLAV NOVOTNY, Plaintiffs have been forced to seek medical treatment for injuries, including, but not limited to, injuries of the neck and back, and special damages in the form of medical bills have been incurred by Plaintiffs in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

20.     As a direct result of the negligence Defendants and each of them, Plaintiffs have been forced to seek the services of an attorney and Plaintiffs are therefore entitled to recover attorney's fees and costs for the commencing of this action.

## SECOND CAUSE OF ACTION

### (Negligence Per Se)

21.     Plaintiffs repeat and reallege each and every statement set forth above as though fully set forth herein.

22.     At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

23.     Plaintiffs are a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

6

24. The acts of Defendants, and each of them, as described herein, violated the traffic laws of the County of Clark, and the State of Nevada, including NRS 484B.127, which constitutes negligence per se.

25. Plaintiffs sustained injuries that were the type said statutes, ordinances, and regulations were intended to prevent.

26. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs sustained personal injuries, all or some of which conditions may be permanent and disabling and all to Plaintiffs' damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

27. As a direct result of the Defendants' negligence, Plaintiffs have been forced to seek the services of an attorney and Plaintiffs are therefore entitled to recover attorney's fees and costs for the commencing of this action.

## THIRD CAUSE OF ACTION

### (Negligent Entrustment of Vehicle to Defendant)

28. Plaintiffs repeat and reallege each and every statement set forth above as though fully set forth herein.

29. Defendants, and each of them, owed a duty of care to Plaintiffs DAVID ALVARADO GOMEZ, LUIS CARMONA ESCOBAR, and LEONEL ALFARO ZAYAS.

30. Defendants, and each of them, knew or should have known that Defendant JAROSLAV NOVOTNY was unfit to drive said 2016 Freightliner, tractor trailer semi.

31. Defendants, and each of them, breached the duty to Plaintiffs DAVID ALVARADO GOMEZ, LUIS CARMONA ESCOBAR, and LEONEL ALFARO ZAYAS, by knowingly entrusting a vehicle to an inexperienced and/or incompetent person.

7

32.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs sustained personal injuries, all or some of which conditions may be permanent and disabling and all to Plaintiffs' damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

33.     As a direct result of the Defendants' negligence, Plaintiffs have been forced to seek the services of an attorney and Plaintiffs are therefore entitled to recover attorney's fees and costs for the commencing of this action.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Training, Retention, and Supervision as to

### Defendant KLC Global Services LTD)

34.     Plaintiffs repeat and reallege each and every statement set forth above as though fully set forth herein.

35.     Defendants, and each of them, had a duty to properly and adequately hire, train, retain, control and supervise employees under their control so as to avoid unreasonable risk of harm to the general public.

36.     As a direct and proximate result of the aforementioned Defendant's negligence in hiring, training, supervising and controlling Defendant JAROSLAV NOVOTNY, Plaintiffs suffered injuries and damages as alleged herein.

37.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs sustained personal injuries, all or some of which conditions may be permanent and disabling and all to Plaintiffs' damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

38.     As a direct result of the Defendants' negligence, Plaintiffs have been forced to seek the services of an attorney and Plaintiffs are therefore entitled to recover attorney's fees and costs for the commencing of this action.

8

WHEREFORE Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    General damages in an amount in excess of $15,000.00;

2.    For compensatory damages in an amount in excess of $15,000.00;

3.    Special damages in an amount in excess of $15,000.00;

4.    Medical and incidental expenses incurred;

5.    For attorney's fees and costs in the preparation and prosecution of the instant lawsuit;

6.    Other and further relief as the Court deems proper.

DATED this ___ day of February 2019.

THE LAW OFFICE OF CLAY R. TREESE

CLAY R. TREESE, ESQ.
Nevada Bar No.: 9923
2272 South Nellis Blvd., Suite 1
Las Vegas, Nevada 89104

9

EXHIBIT "C"

Electronically Filed
4/25/2019 3:41 PM
Steven D. Grierson
CLERK OF THE COURT

CLAY R. TREESE, ESQ.
Nevada Bar No.: 9923
THE LAW OFFICE OF CLAY R. TREESE
2272 South Nellis Blvd., Suite 1
Las Vegas, Nevada 89104
Telephone (702) 727-4747
Facsimile (702) 727-4744
clay@claytreese.com
Attorney for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DAVID ALVARADO GOMEZ, an individual; LUIS CARMONA ESCOBAR, an individual; LEONEL ALFARO ZAYAS, an individual,

        Plaintiffs,

vs.

JAROSLAV NOVOTNY, an individual; KLC GLOBAL SERVICES LTD, a Foreign Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,

        Defendants.

Case No.: A-19-789134-C
Dept. No.: 8

**AFFIDAVIT OF COMPLIANCE**

STATE OF NEVADA    )
                    ) SS.:
COUNTY OF CLARK    )

PAMELA BROWNFIELD, being first duly sworn, deposes and says:

1. That I am over the age of 18 years and make this Affidavit in regard to DAVID ALVARADO GOMEZ, LUIS CARMONA ESCOBAR, LEONEL ALFARO ZAYAS, in the above captioned case.

1

2.  That I make this Affidavit of my own personal knowledge, except for those matters stated on information and belief, and as to those matters, I believe them to be true.

3.  I am employed as a Paralegal by The Law Office of Clay R. Treese.

4.  Pursuant to NRS 14.070 (2) on April 12, 2019, I served a copy of the DMV notice of service and a copy of the Summons and Complaint by certified mail number 7011 3500 0001 9527 3839 to Defendant, JAROSLAV NOVOTNY by serving him at his address as listed in the Police Report, to wit:   Jaroslav Novotny 401 North Keswick Court, Round Lake, IL 60073. A copy of proof of service is attached hereto as **Exhibit "1"**.

5.  If called upon to testify regarding the veracity of the above facts, I could accurately and honestly testify thereto.

PAMELA BROWNFIELD

SUBSCRIBED & SWORN to before me this 25 day of April 2019.

NOTARY PUBLIC in and for Said County and State

NOTARY PUBLIC
ANA LAURA BARAJAS
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. NOV 30, 2020
No: 12-7747-1

Submitted by:

/s/Clay R. Treese, Esq.
CLAY R. TREESE, ESQ.
2272 South Nellis Boulevard, Suite 1
Las Vegas, Nevada 89104
Clay@claytreese.com
Attorney for Plaintiffs

2

# Exhibit "1"



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Savoslav Novosthy
401 N. Keswick Court
Round lake IL 60073

9590 9402 3035 7124 5684 66

2. Article Number (Transfer from service label)
7011 3500 0001 9527 3839

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  □ Agent
                    □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:          □ No

Sun Cone Awards v Novostny
N/3

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ ........ restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted
   Delivery
□ Return Receipt for
   Merchandise
□ Signature Confirmation™
□ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

EXHIBIT "D"

Electronically Filed
4/11/2019 1:40 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
CLAY R. TREESE, ESQ.
Nevada Bar No.: 9923
THE LAW OFFICE OF CLAY R. TREESE
2272 South Nellis Blvd., Suite 1
Las Vegas, Nevada 89104
Telephone (702) 727-4747
Facsimile (702) 727-4744
clay@claytreese.com
Attorney for Plaintiffs

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

|  |  |
|---|---|
| DAVID ALVARADO GOMEZ, an individual; LUIS CARMONA ESCOBAR, an individual; LEONEL ALFARO ZAYAS, an individual, | Case No.: A-19-789134-C<br>Dept. No.: 8 |
| Plaintiffs, | |
| vs. | **REQUEST FOR EXEMPTION<br>FROM ARBITRATION** |
| JAROSLAV NOVOTNY, an individual; KLC GLOBAL SERVICES LTD, a Foreign Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | **Arbitration Exempt-<br>Amount in Dispute in Excess of $50,000.00** |
| Defendants. | |

COMES NOW, Plaintiffs David Alvarado Gomez, Luis Carmona Escobar and Leonel Alfaro Zayas, by and through counsel of record Clay R. Treese, Esq. of the Law Office of Clay R. Treese, and hereby requests the above entitled matter be exempted from Arbitration pursuant to Nevada Arbitration Rules 3 and 5, as the amount in controversy exceeds $50,000.00.

/ / /

1

**POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

On or about November 3, 2017, Plaintiffs were traveling northbound on Procyon Street, near the intersection of Oquendo Road in Las Vegas, Nevada and came to a stop behind Defendant. Defendant Jaroslav Novotny was driving a 2016 Freightliner, tractor trailer semi, whose registered owner is Defendant KLC Global Services Ltd, was in front of Plaintiffs' vehicle northbound on Procyon Street and was stopped for the posted stop sign at the intersection of Oquendo Road. Defendant began backing up in a southbound direction and collided with Plaintiffs' vehicle. Plaintiffs' driver began honking the horn to try to get the attention of the Freightliner, tractor trailer semi driver but, was unsuccessful. Defendant continued backing up in a southbound direction pushing Plaintiffs' vehicle backwards 68 feet. There were tire markings in the roadway from Plaintiffs' vehicle being pushed backwards. Plaintiffs' vehicle was stuck to the rear bar of the trailer. The resulting incident caused Plaintiffs to suffer serious physical, emotional and financial injury. Defendant Jaroslav Novotny recklessly, negligently and carelessly failed to yield to Plaintiffs causing the collision with Plaintiffs' vehicle.

As a direct result of the collision, Plaintiffs David Alvarado Gomez, Luis Carmona Escobar and Leonel Alfaro Zayas, were forced to seek medical treatment for injuries, including, but not limited to, injuries of the neck and back, and special damages in the form of medical bills have been incurred by Plaintiffs David Alvarado Gomez, Luis Carmona Escobar and Leonel Alfaro Zayas, in excess of $50,000.00. Plaintiffs will supplement records and billing upon receipt of the documents. Attached hereto as Exhibit "1" collectively are Plaintiffs' Summary of Medical Treatment and Costs showing an excess of $50,000.00.

2

## STATEMENT OF AUTHORITIES

Nevada Arbitration Rule 3(A). Matters subject to arbitration:

> (A)     All civil cases commenced in the district courts that have a probable jury award value not in excess of $50,000 per plaintiff, exclusive of interest and costs, and regardless of comparative liability, are subject to the program, except class actions, appeals from courts of limited jurisdiction, probate actions, divorce and other domestic relations actions, actions seeking judicial review of administrative decisions, actions concerning title to real estate, actions for declaratory relief, actions governed by the provisions of NRS 41A.003 to 41A.069, inclusive, actions presenting significant issues of public policy, actions in which the parties have agreed in writing to submit the controversy to arbitration or other alternative dispute resolution method prior to the accrual of the cause of action, actions seeking equitable or extraordinary relief, actions that present unusual circumstances that constitute good cause for removal from the program, actions in which any of the parties is incarcerated and actions utilizing mediation pursuant to Subpart C of these rules.

Nevada Arbitration Rule 5 (A) reads, in pertinent part, as follows:

> "A party claiming an exemption from the program pursuant to Rule 3(A) on grounds other than the amount in controversy or the presentation of significant issues of public policy will not be required to file a request for exemption if the initial pleading specifically designates the category of claimed exemption in the caption. Otherwise, if a party believes that a case should not be in the program, that party must file with the arbitration commissioner a request to exempt the case from the program and serve the request on any party who has appeared in the action..."

The related damages in this matter will exceed $50,000.00.

## **CONCLUSION**

Based upon the forgoing and the Points and Authorities and Statement of Facts, Plaintiffs respectfully requests an exemption from Arbitration as damages are in excess of $50,000.00.

DATED this _____11_____ day of April 2019.

THE LAW OFFICE OF CLAY R. TREESE

CLAY R. TREESE, ESQ.
Nevada Bar No.: 9923
2272 South Nellis Blvd., Suite 1
Las Vegas, Nevada 89104

3

## CERTIFICATION OF CLAY R. TREESE, ESQ.

I hereby certify pursuant to N.R.C. P. 11 this case to be within the exemptions marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

_____
CLAY R. TREESE, ESQ.

SUBSCRIBED and SWORN to before
me this ___11___ day of April 2019

_____
NOTARY PUBLIC in and for
said County and State

STEPHANIE MAGHINAY
Notary Public-State of Nevada
APPT. NO. 16-4447-1
My Appt. Expires 11-30-2020

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___ )) ___ day of April 2019, I caused to be sent a true and correct copy of the Request for Exemption from Arbitration via electronic means addressed to the parties below as follows:

Martin M. Manke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
6385 South Rainbow Boulevard, Suite 600
Las Vegas, NV 89118
Martin.manke@lewisbrisbois.com

_____
An employee of Clay R. Treese, Esq.

5

# Exhibit "1"

# SUMMARY OF MEDICAL TREATMENT AND EXPENSES

## DAVID ALVARADO

| Medical Provider | Dates of Treatment | Service Provided | Bill Amount |
|---|---|---|---|
| Accident Chiropractic | 11/6/17, 11/7/17, 11/8/17, 11/13/17, 11/14/17, 11/16/17, 11/20/17, 11/21/17, 11/27/17, 11/28/17, 12/5/17, 12/7/17, 12/12/17, 12/14/17, 12/18/17, 12/21/17, 1/2/18, 1/4/18, 1/11/18, 1/29/18, 1/30/18, 2/1/18, | Chiropractic | $4,545.00 |
| Las Vegas Pharmacy | 11/21/17 | Prescriptions | $195.35 |
| JML SURGICAL LLC. *SMS lien | 1/24/18, 1/31/18, 3/7/18, 3/14/18 *** check for other dates | Surgery | $32,546.00 |
| Gary LaTourette | 11/13/17, 11/21/17, | Initial & Follow up | $800.00 |
| Pueblo Medical Imaging *SMS LIEN* | 12/26/17 | MRI | $3,300.00 |
| Desert Radiology *EZ BUSINESS LIEN* | 11/13/17 | X-Ray | $131.01 |
| Strehlow Radiology | 11/9/17 | Radiology | $145.00 |
| Velazquez | 12/11/17, 1/12/18, 1/24/18, 1/31/18, 2/13/18, 3/7/18, 3/14/18, 3/22/18 | Treatment | $21,251.00 |
| | | | |
| **TOTAL** | | | **$62,913.36** |

## SUMMARY OF MEDICAL TREATMENT AND EXPENSES

### LUIS CARMONA

| Medical Provider | Dates of Treatment | Service Provided | Bill Amount |
|---|---|---|---|
| Shield Radiology | 11/8/17 | Radiology Report | $190.00 |
| Accident Chiropractic | 11/6/17, 11/7/17, 11/8/17, 11/13/17, 11/16/17, 11/20/17, 11/21/17, 11/27/17, 11/28/17, 11/30/17, 12/4/17, 12/5/17, 12/7/17, 12/11/17, 12/12/17, 12/14/17, 12/21/17, 12/26/17, 1/2/18 | Chiropractic | $4,165.00 |
| | | | |
| **TOTAL** | | | **$4,355.00** |

# SUMMARY OF MEDICAL TREATMENT AND EXPENSES

## LEONEL ALFARO

| Medical Provider | Dates of Treatment | Service Provided | Bill Amount |
|---|---|---|---|
| Shield Radiology | 11/9/17 | Radiology | $190.00 |
| Accident Chiropractic | 11/6/17, 11/7/17, 11/8/17, 11/9/17, 11/13/17, 11/14/17, 11/16/17, 11/20/17, 11/21/17, 11/27/17, 11/28/17, 11/30/17, 12/4/17, 12/7/17, 12/14/17, 1/2/18, 1/4/18, 1/29/18 | Chiropractic | $4,285.00 |
| Las Vegas Pharmacy | 11/13/17 | Prescriptions | $195.35 |
| LaTourette | 11/13/17 | Initial | $905.00 |
| **TOTAL** | | | **$5,575.35** |